Lindsay Hutner (SBN CA 238998)
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, California 94111
Telephone: 415.655.1300
Facsimile: 415.707.2010
hutnerl@gtlaw.com

Stephanie Ahmad (SBN CA 284080)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508
ahmads@gtlaw.com

Attorneys for Defendant
GOOGLE NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ORTHOPEDIC CENTER, INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>GOOGLE NORTH AMERICA, INC.,<br><br>　　Defendant. | CASE NO. 2:21-cv-06423<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT GOOGLE NORTH AMERICA, INC. PURSUANT TO 28 U.S.C. §§ 1441(a), 1446**<br><br>[Removed from Los Angeles County Superior Court – Case No. 20STSC07020] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant GOOGLE NORTH AMERICA, INC. ("Google")[1] , hereby removes the above-captioned action, *Advanced Orthopedic Center, Inc. v. Google North America, Inc.,* Case No. 20STSC07020 (the "Action") from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446. Defendant will provide evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

I.  **NATURE OF THE ACTION AND CLAIMS**

1. On December 1, 2020 Plaintiff Advanced Orthopedic Center, commenced this Action by filing a Complaint captioned *Advanced Orthopedic Center, Inc. v. Google North America, Inc.,* Case No. 20STSC07020, in the Small Claims Division of the Superior Court in the State of California for the County of Los Angeles. (*See* Pl. Compl., attached as Exhibit A.1). Though an evidentiary showing does not accompany this removal pleading,[2] we attach as Exhibit A all pleadings and process served on Google, including all state

---

[1] The proper entity for this action should be Google LLC Welfare Benefit Plan. *See* Declaration of Terence Chan in Support of Notice of Removal of Action by Defendant Google North America at ¶ 2 ("Chan Dec."), filed concurrently herewith.

[2] A removing defendant is required to provide only a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements") (internal quotation marks and citation omitted); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the

court filings and the state court docket. Exhibit A.1 includes the Complaint. Exhibit A.2 includes, among other state court filings, (1) Google's Request for Court Order and Motion to Dismiss, (2) the Court's Order on Google's Request for Court Order, (3) Plaintiff's Request for Court Order and Opposition to the Motion to Dismiss, (4) the Judgment, and (5) the Notice of Hearing on Appeal, and (6) the State Court Docket.

2. Google filed a Request for Court Order and Motion to Dismiss on March 16, 2020. On April 23, 2021, the Court ordered the parties to attend the initial small claims court hearing and requested that Plaintiff file an Opposition to Google's Motion to Dismiss. On April 26, 2021, Plaintiff filed a Request for Court Order and Opposition to the Motion to Dismiss. A small claims court hearing was held on June 9, 2021 and Judgment was entered for Plaintiff. Google filed a Notice of Appeal on July 7, 2021 and on the same date a Trial De Novo was noticed for August 27, 2021. The notice setting the Trial De Novo was served via mail by the court. True and correct copies of these documents, along with all documents served on Defendant in state court, are attached hereto as **Exhibit A**. Together, these represent the entirety of all process, pleadings, and orders served upon Google in this Action, which are attached hereto in accordance with 28 U.S.C. § 1446(a).

3. The Complaint asserts a claim arising from § 502(a) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover benefits from Google's self-funded health plan for underpaid emergency services provided by the Plaintiff. (Pl. Compl., attached as Exhibit A.1). Specifically, Plaintiff alleges "underpaid emergent/post stabilization emergent care from G Healthcare Self-Funded Health Insurance Program for pt Garve C. DOS 7/8/19-7/12 ID#GGS782M85365." (*Id.* at p. 1). The relief requested is the "amount billed minus amount allowed pus 15% interest per annum as per H&S Code 1317.1, 28 CCR § 1300.71.4, § 1302(b)(1)(B)." (*Id.*).

---

grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-91 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

4. In support of the claim for relief, Plaintiff relies on California Health and Safety Code 1317.1 and a related regulation, which is a California state law governing insurance. Google's self-funded health plan is an ERISA plan, and subject to ERISA's enforcement scheme. Chan Dec. at ¶ 2. "Congress's exclusive and comprehensive civil enforcement scheme of section 502 pre-empts any such state-law causes of action." *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1227 (9th Cir. 2005) (court declined to reach preemption issue as to the same California law at issue in this case because it found that "[w]hether or not section 1371.4(c) of the California Health and Safety Code may be applicable to ERISA plans, it may not be enforced against an ERISA plan by way of this lawsuit asserting state-law causes of action against [Defendant] because of its denial of ERISA plan benefits.").

5. Plaintiff also relies on a federal law in support of the claim for relief, § 1302(b)(1)(B) of the Patient Protection and Affordable Care Act ("PPACA"), 42 U.S. Code § 18022(b)(1)(B), which sets forth essential coverage requirements for emergency services. The adoption of ERISA § 715, 29 U.S. Code § 1185d, clarified that PPACA essential health coverage requirements, including those pertaining to emergency services, are applicable to ERISA group health plans. *See King v. Blue Cross & Blue Shield of Illinois*, 871 F.3d 730, 739 (9th Cir. 2017) ("The Affordable Care Act added a clause to ERISA that states. . . the provisions of part A of title XXVII of the Public Health Service Act (as amended by the Patient Protection and Affordable Care Act) shall apply to group health plans' . . . 29 U.S.C. § 1185d(a)(1)."). The mechanism to enforce the essential coverage requirements set forth under the PPACA is to bring a claim under ERISA § 502(a), 29 U.S.C. § 1132(a), which authorizes private plaintiffs to bring actions against a plan to either recover benefits or to enforce or clarify the rights of the plaintiffs under the terms of the plan.

## II. STATEMENT OF JURISDICTION

6. The above-captioned Action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331, and is one which may be removed to

this Court by Defendants pursuant to 28 U.S.C. §1441, in that:

(a) Plaintiff's Complaint is based on allegations that Google improperly administered its self-funded health plan in violation of §502(a) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a) ("ERISA"). Specifically, Plaintiff claims that the Google's self-funded health plan did not properly pay for emergency services provided by the Plaintiff.

(b) This Court has original jurisdiction over the above-captioned Action pursuant to ERISA section 502(e)(l), 29 U.S.C. § 1132(e)(l) without regard to amount in controversy and the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

(c) While Plaintiff raised state law arguments in his Opposition to Google's Motion to Dismiss, no facts alleging state law claims were pled in Plaintiff's Complaint, nor were facts alleging state law claims included in Plaintiff's Opposition to Google's Motion to Dismiss.

### III. VENUE

7. The instant Action was filed in the Superior Court of the State of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), and 1441(a).

### IV. SERVICE ON THE STATE COURT

8. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiffs' Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

### V. THE REMOVAL IS TIMELY

9. In its small claims court Complaint, Plaintiff brings a claim under state law and federal law. Later, in its Opposition to Google's Motion to Dismiss in the underlying small claims court proceeding, Plaintiff stated that its claims were brought under state law. "In order for the thirty-day period described in § 1446(b)(1) to begin to run, the plaintiff's

initial pleading must make clear, on its face, that the requirements for federal jurisdiction are met. *Kernan v. Health Care Serv. Corp.*, No. 218CV02491ODWSKX, 2018 WL 3046961, at *3 (C.D. Cal. June 19, 2018). It was through its own research preparing for the small claims court hearing on appeal, the first opportunity Google has had to be represented by counsel in this matter, that Google determined that removal to federal court was appropriate. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013) ("A defendant . . . may remove to federal court when it discovers, based on its own investigation, that a case is removable.").

10. The Notice of Hearing on Appeal was entered on July 7, 2021 and Google files this Notice of Removal within the 30 days plus the 3 days of service by mail period. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an . . . order . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3)). This Removal is timely.

## VI. **NO ADMISSION**

11. By this filing, Google does not admit any liability, does not concede the accuracy of Plaintiff's allegations, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint, or any relief of any kind.

12. By filing this notice, Google does not waive any defenses, including, but not limited to, jurisdictional defenses or defects in service of process, which may be available to it.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

For all of the foregoing reasons, the Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Respectfully submitted,

DATED: August 9, 2021        GREENBERG TRAURIG, LLP

By: _/s/ Lindsay Hutner_
Lindsay Hutner
Stephanie Ahmad

Attorneys for Defendant
GOOGLE NORTH AMERICA, INC.