UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-06423-SB-JEM | Date: | September 7, 2021 |
|---|---|---|---|

| Title: | *Advanced Orthopedic Center, Inc. v. Google North America, Inc.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:   ORDER OF REMAND AND ADMONISHMENT**

  Defendant Google North America, Inc. removed this case from small claims court on August 9, 2021, after sustaining a $2,550 judgment against it. Dkt. No. 1. The Court on August 12 observed that the removal appeared to be untimely and that Google, in its Notice of Removal filed by its counsel Greenberg Traurig LLP, misrepresented to the Court that its first opportunity to discover that the case was removable came when it was preparing for appeal, when in fact it had submitted a letter brief in March 2021 advancing the same argument on which it relied to remove the case. Dkt. No. 10. The Court therefore ordered Google to show cause why it should not be sanctioned and why the case should not be remanded to state court. *Id.*

  Both Google and Greenberg Traurig filed responses to the show cause order, apologizing for the misrepresentation, stating that it resulted from inartful drafting, and agreeing to remand of the case. Dkt. Nos. 19, 20. The Court held a hearing on the order to show cause on September 3, 2021 and took the matter under submission.

The Court is troubled by the misleading statements in Google's removal notice.  Greenberg Traurig was advising Google during the small claims proceedings when Google argued for dismissal in March 2021.  In that motion, Google asserted that the federal courts have exclusive jurisdiction over Plaintiff's claims and that such claims are "typically removed to federal court at the outset of the proceeding."  Google and Greenberg Traurig thus knew the claimed basis for federal jurisdiction by no later than March 2021.

Yet Google removed the case to federal court several months later (in August 2021).  In that filing, Google addressed the timeliness of removal in a stand-alone section.  Google suggested that the basis for removal was not clear on the face of Plaintiff's pleading, and that Google determined the propriety of removal when its lawyers conducted research in preparing for the small claims appeal.  But Google presumably believed it had a good-faith basis to argue in state court that dismissal was required because of exclusive federal jurisdiction.  This was not some misguided argument made by a pro se litigant:  Google supported its position with reasoned analysis obtained from legal counsel.  And the removal notice relies on the same complaint in the small claims action, arguing that the complaint "asserts a claim arising from § 502(a) of the Employment Retirement Income Security Act of 1974 ('ERISA'), 29 U.S.C. § 1132(a)."  In short, Google advanced the same jurisdictional argument based on the same pleading in seeking dismissal in state court while being advised by the same law firm, yet it suggested in its removal notice that it only discovered the basis for removal upon preparing for the small claims appeal.[1]

In the OSC responses, Google and Greenberg Traurig suggest that the removal notice did not intend to deceive the Court and that the misleading statements were the product of inartful drafting or sloppiness.  Though not inclined to conclude that these legal professionals have engaged in deception, the Court struggles to understand how this level of carelessness could occur, particularly when a company like Google opts to devote the resources employed in this case to remove a small claims matter to federal court.[2]  On balance, the Court elects to

---

[1] Google states that Plaintiff made new allegations in its opposition to the motion to dismiss on April 26, 2021.  But this does not change the fact that Google already discerned the federal nature of the claim from the face of the complaint and acted upon it by moving to dismiss in March 2021.

[2] Removal was sufficiently unusual in these circumstances that Greenberg Traurig had to research whether a small claims case was subject to removal.

give Google and Greenberg Traurig the benefit of the doubt. Two facts tip the balance: first, Google and Greenberg Traurig appear to understand the seriousness of providing misleading information to the Court; and second, Google and Greenberg Traurig did provide the relevant record in submitting the removal notice, including the March 2021 motion to dismiss.

The Court therefore imposes no sanctions and instead admonishes Google and Greenberg Traurig that they should take greater care to avoid misrepresentations in future court filings. The practice of law can be difficult. Mistakes happen. But counsel must do their best to avoid making misleading statements. The misrepresentation made in this case was readily avoidable through the exercise of even a minimum level of reasonable care.

In light of Google's withdrawal of its Notice of Removal and consent to remand, this case is **REMANDED** to the Los Angeles Superior Court.

**IT IS SO ORDERED.**